**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4255**

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DEMARCUS MANDELL BROWN,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, District Judge.  (7:13-cr-00068-MFU-1)

---

Submitted:  October 30, 2014   Decided:  November 14, 2014

---

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Jennifer Scott DeGraw, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeMarcus Brown appeals the district court's judgment sentencing him to one year of imprisonment pursuant to his conviction of assault on a government employee, in violation of 18 U.S.C. § 111(a) (2012).  Brown's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether (1) Brown's conviction is unsupported by sufficient evidence or otherwise unlawful, (2) the district court abused its discretion in imposing Brown's sentence to run consecutively to his preexisting sentence, (3) the district court erred in failing to give Brown's requested instruction on justification and (4) the district court erred in failing to instruct that willfulness was an essential element of the offense.  Although advised of his right to do so, Brown has not filed a supplemental brief.  The Government declined to file a brief.  We affirm.

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal.  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  We affirm if, viewing the evidence in the light most favorable to the Government, "the conviction is supported by substantial evidence."  United States v. Hickman, 626 F.3d 756, 763-64 (4th Cir. 2010) (internal quotation marks omitted).  "Substantial

2

evidence" is defined as such "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging evidentiary sufficiency "bears a heavy burden," as reversal of a conviction is limited to those circumstances in which "the prosecution's failure is clear." United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007) (internal quotation marks omitted).

Any individual who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer] while engaged in . . . official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both[.]" 18 U.S.C. § 111. Viewing the evidence in the light most favorable to the Government, there was ample evidence that Brown forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with United States Marshals while they were attempting to transport him from his cell to his change of plea hearing. We thus conclude that the district court did not err in denying Brown's motion for acquittal.

Brown next challenges his sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). There we presume that a within-Guidelines range sentence is reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007). We review the decision whether to impose a concurrent or consecutive sentence for abuse of discretion. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2012).

Our review of the record reflects that it was reasonable to impose upon Brown a consecutive, rather than concurrent, sentence. We thus conclude that the district court did not abuse its discretion in imposing its sentence.

Brown next challenges the district court's refusal to instruct the jury as to the justification defense. "[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a jury to find in his favor." United States v. Ricks, 573 F.3d 198, 200 (4th Cir. 2009) (internal quotation marks omitted).

We review a district court's refusal to instruct the jury on an affirmative defense de novo. United States v. Perrin, 45 F.3d 869, 871 (4th Cir. 1995). To warrant a justification instruction, a defendant must show that he:

> (1) was under unlawful and present threat of death or serious bodily injury;

4

(2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct;

(3) had no reasonable legal alternative (to both the criminal act and the avoidance of threatened harm); and

(4) a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Ricks, 573 F.3d at 202.

We have reviewed the record and conclude that the district court did not err in refusing to give a justification instruction. Brown did not show that he faced "death or serious bodily injury," or that he had "no legal alternative" to his conduct. We thus hold that the district court correctly refused to give the instruction.

Brown's final challenge is that the district court should have instructed the jury that "willfulness" is an essential element of the charged offense. We consider de novo "whether a district court has properly instructed a jury on the statutory elements of an offense." United States v. Powell, 680 F.3d 350, 355 (4th Cir. 2012) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court's decision was correct. Specific intent to violate the statute is not required to be convicted under 18 U.S.C. § 111. United States v. Williams, 604 F.2d 277, 279 (4th

Cir. 1979).  We thus hold that the district court did not abuse its discretion in refusing to instruct the jury that willfulness was an essential element of the charged offense.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED